■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MATTHEW M. ETHERIDGE, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Nassau County, rendered October 7, 1966, which convicted him of assault in the second degree, on his plea of guilty, and imposed sentence. Judgment affirmed. On March 31, 1966 defendant was indicted on two counts of assault in the second degree and one count of possession of a dangerous weapon as a felony. On June 13, 1966 Miranda v. Arizona (384 U. S. 436) was decided. On July 27, 1966 defendant (then 37 years old) appeared with retained counsel and, after conferring with counsel and admitting in open court that he had cut his wife with a knife on February 3, 1966, causing her to be in a hospital for five days, pleaded guilty to one count of assault in the second degree in satisfaction of the indictment based on (a) the District Attorney's agreement not to seek multiple offender punishment as the result of defendant's prior convictions in North Carolina and (b) the trial court's agreement to sentence defendant to not less than one year and three months and not more than two years and six months. When defendant appeared for sentence on October 7, 1966, he moved to withdraw his plea of guilty on the grounds that (1) his wife had testified against him (apparently before the Grand Jury) under duress, (2) his wife would not have testified against him on a trial, (3) he

had made admissions to the police without being given the warnings outlined in *Miranda* (*supra*) and (4) therefore the People could not prove a case against him. Permission to withdraw a plea of guilty rests in the sound discretion of the court (Code Crim. Pro., § 337). The discretion of the trial court in denying permission to withdraw the plea of guilty was properly exercised in this case because (1) the plea had been made voluntarily, (2) defendant was a recidivist who had understood the nature of the charge and the consequences of the plea, (3) he had admitted in open court that there was a factual basis for the plea (4) he had been represented by retained counsel and (5) there is no claim that the representation by counsel had been casual or hurried, or that there had not been adequate consultation between counsel and defendant before the plea was entered (*People* v. *Nixon*, 21 N Y 2d 338). The claim of "misrepresentation" by, or incompetence of, counsel is belied by the fact that his counsel on the motion to withdraw his plea was a representative of his counsel at the time he pleaded guilty. Nor is there a claim of incompetence within the meaning of *People* v. *Tomaselli* (7 N Y 2d 350, 356). There is no claim of innocence, even on this appeal. Defendant's only claim is that the People may not now be able to prove him guilty because the complainant (his wife) would not presently testify against him. This court has held that that is not a sufficient reason to permit the withdrawal of a guilty plea (*People* v. *Grant*, 28 A D 2d 1090). Beldock, P. J., Christ, Rabin and Munder, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and to remand the case for a hearing on the application to withdraw the guilty plea, with the following memorandum: Prior to the imposition of sentence upon him, defendant sought to withdraw his plea of guilty to the crime of assault in the second degree. The underlying act was the alleged stabbing of his wife with a knife. His attorney was not permitted to fully develop defendant's contention that his constitutional rights were violated, that he had been denied a hearing and that he had not been represented by counsel. The precise nature of these contentions cannot be ascertained because of the trial court's interruption and advice to bring on a motion in another Part of the court. The attorney was later permitted to state that the only witness against defendant was his wife, who had agreed to testify by reason of threats against her, but that she had since determined not to testify against him. He concluded that in his opinion no case could have been made out by the prosecution. Defendant was not permitted to expand on his own statement to the effect that he had been misrepresented by a lawyer and that his constitutional rights had been violated. The trial court's denial of the application was made in a peremptory fashion and without the exercise of that informed discretion which is envisioned by statute (cf. *People* v. *Klein*, 26 A D 2d 559; Code Crim. Pro., § 337). It would appear that defendant sought to withdraw the plea because of the absence of compliance with the then newly enunciated requirements of *Miranda* v. *Arizona* (384 U. S. 436), the incompetence of counsel and his wife's refusal to testify. No excuse appears for the cursory treatment which the instant application received. As was held in *People* v. *Nixon* (21 N Y 2d 338), "It is not tolerable for the State to punish its members over protestations of innocence if there be doubt as to their guilt, or if they be unaware of their rights, or if they have not had opportunity to make a voluntary and rational decision with proper advice in pleading guilty". This defendant alleged sufficient to put the trial court upon notice of a claim that his plea had been taken as the result of unawareness of his rights and that his decision had not been based upon proper advice. He should either have been permitted to withdraw his plea or, at the very least, a hearing should have been permitted to allow him to develop his contentions and to give the People

an opportunity to rebut them or to demonstrate prejudice (cf. *People* v. *Granello*, 18 N Y 2d 823).