OPINION OF THE COURT
Sam Eisenberg, J.
The defendant, who had pleaded guilty to attempted assault in the third degree in violation of sections 110.00 and 120.00 of the Penal Law, now moves this court under the authority of CPL 220.60 (subd 3) to permit him to withdraw his guilty plea. He does not profess his innocence, nor does he deny the fact that, at the time of the entry of the plea, he freely and voluntarily admitted his guilt. His application to withdraw his plea is based upon his claim that on the morning of March 5, 1984, the complainant victim in the case had advised the Assistant District Attorney in charge of the case that she did not wish to testify against the defendant and that nevertheless the plea of guilty was taken on the afternoon of that date, with the participation of the same Assistant District Attorney and without revealing to the defendant the intentions of the complainant. The defendant’s motion is supported by an affidavit of the complainant in which she confirms her advice to the Assistant District Attorney of her wishes and intentions; and the defendant asserts that he would not have pleaded guilty had he known of the victim’s intentions.
The Office of the District Attorney has denied that the Assistant District Attorney involved knew on the morning *280 of March 6, 1984, that the complaining witness did not intend to testify against the defendant. Nevertheless, and for the purposes of this motion, we will assume that the Office of the District Attorney did, in fact, know before the defendant pleaded guilty that the victim was not disposed to testify against him and did, in fact, withhold that information from the defendant and counsel for the defendant.
It has been held that the fact that the People may be encumbered in seeking to prove the guilt of a defendant because a complainant is unwilling to testify against him is not a sufficient reason, in and of itself, to permit withdrawal of a guilty plea (People v Etheridge, 29 AD2d 679, app withdrawn 23 NY2d 844). But, the defendant argues that it was inherently unfair for the People to have withheld the information that the complainant did not intend to testify against him and to have participated in the plea of guilty, knowing of the victim’s intentions. In People v Jones (87 Misc 2d 931, affd 57 AD2d 1082, affd 44 NY2d 76, cert den 439 US 846), the court refused to permit a defendant to withdraw a plea of guilty where the District Attorney knew, at the time that the plea was taken, that its chief witness had died and failed to reveal that information to the defendant. As in this case, it was argued in Jones (supra) that the defendant would not have entered the plea of guilty had he known of the death of the critical witness and that the People were under a duty to reveal that information to him before he undertook to plead guilty. It was the conclusion of the court in Jones (supra) that the information that a witness had died need not be revealed to the defendant. That information is not exculpatory, for it is not material to the matter of guilt or punishment. Exculpatory material, as thus defined by Brady v Maryland (373 US 83) and like cases, must be revealed to a defendant to avoid a violation of due process. Information which would be convenient for a defendant to know, or might even have influenced him in the matter of his plea, is not necessarily exculpatory, for it does not bear upon the guilt or innocence of the defendant. If it is the law of the State, as set forth in People v Jones (supra), that a District Attorney is not obliged to reveal that a principal witness *281 has died before a plea of guilty is taken, it must follow that even if the Assistant District Attorney knew that the complainant witness would not cooperate in the prosecution of the case he had no duty to reveal that information to the defendant before his plea of guilty was made and accepted by the court.
For these reasons, the court discerns no need for a hearing in the matter and denies the application of the defendant for permission to withdraw his plea of guilty.